Welch, J.,
dissenting: To hold the paper in question a valid mortgage would be, in my judgment, to open a wide door for fraud. A mortgage of goods is a sale of the goods, with a condition of defeasance. This paper evidences no sale. In brief, it imports a sale with a reservation of the power to re-sell, which is in law and in fact no sale at all. It is an agreement that the owner of the goods will continue to sell them, as he had been theretofore accustomed to sell them, and account to the mortgagee for the proceeds, and that he will deliver to the mortgagee such of them as may remain unsold at the end of the three months, or at any prior period when he shall fail to account for the proceeds, or shall sell the goods otherwise than in the usual way. This is a mere covenant or promise to sell the goods to other persons, and account for the proceeds to the mortgagee. The power to sell the goods w;as no ageney. It was part of the contract. It was a reservation of the original dominion and power inherent in the owner of the goods, and by the terms of the contract could be exercised in spite of the mortgagee, and could not by him be revoked or superseded. Such a paper put upon record was no notice to the world that the goods had been mortgaged, and that, therefore, the mortgagor could not impart a good title. On the contrary, it was notice to all subsequent purchasers that the mortgagor was the only party who could impart a good title. Such a paper cannot safely be held to be a valid mortgage. To sustain it as a mortgage would be to narrow and obscure the line between bona-fide transfers of property for the security of creditors, and color-able transfers for the benefit of the failing debtor, and thus, as it were, to invite fraud..